## TIPPIT v. NETTLETON et al.

### No. 3454.

Court of Civil Appeals of Texas. El Paso.

Dec. 10, 1936.

H. G. Russell, of Pecos, and Swearingen & Bledsoe, of Marfa, for plaintiff in error.

E. B. O'Quinn, of Marfa, for defendants in error.

WALTHALL, Justice.

The record in this case shows substantially the following: On January 22, 1929, plaintiff in error, A. J. Tippit and wife, Mrs. Maria Irine Tippit, defendants in the trial court and herein referred to as defendant, as in the brief, by warranty deed of said date conveyed to defendants in error, Mrs. O. V. Nettleton and John Smith, plaintiffs in the trial court, and referred to as plaintiffs, as in the briefs, a tract of land in Jeff Davis county, Tex., and described as the N. E. 1/4 of section No. 62, in block No. 9, and otherwise identified, and consisting of 160 acres of land, for the expressed consideration of $4,200, of which $1,000 was paid and the balance made payable in five promissory notes of even date with the deed, bearing interest from date and providing for acceleration, attorney fee on default, and numbered 1, 2, 3, 4, and 5, respectively, the first of said notes due January 1, 1930, and the other notes due one on the 1st day of January of each year following; also one note for $300 for the assumption of an amount expressed in the deed of an amount in favor of W. P. Stillwell; the deed also recites that said land was conveyed subject to the unpaid purchase money due the state; the deed conveying said land was filed and recorded on February 11, 1929. In February, 1929, plaintiffs entered upon and took possession of said land under and subject to a parol agreement and representations of defendants, alleged by plaintiffs to be substantially as follows: That in the negotiations between plaintiffs and defendant, and when same were had for the purchase of said property, plaintiffs and defendant orally agreed that plaintiffs would purchase said property upon the terms above stated; that such purchase and sale would be made only upon and subject to defendant furnishing plaintiffs a complete abstract of title to said property, brought down to date of purchase, and that plaintiffs would have their attorney, Honorable John Perkins, examine said title; that defendant would be furnished a copy of the written opinion of said attorney, showing any and all objections, if any, to the title to said property as might be found from said abstract by said attorney; that defendant would have a reasonable time within which to meet and cure such objections and defects, if any, to the title so found, and designated, and before a deed was made and delivered to plaintiffs to said property, and before plaintiffs went into possession and before plaintiffs paid any part of the purchase money; in pursuance to said agreement, abstracts of title were furnished and examined by said attorney and therefrom found material objections and defects to the title and certain outstanding titles in persons other than A. J. Tippit's title, and found various liens shown of record and not released of record, and found certain releases, correction instruments, powers of attorney, and other instruments necessary to make a merchantable record title to said property in said A. J. Tippit; plaintiff's said attorney prepared a written opinion on the title to said property, based upon said abstract, reciting and setting forth the objections and defects to said title, and the attorney's requirements as necessary to perfecting and clearing the title. On January 29, 1929, a copy of said opinion was delivered in person to defendant A. J. Tippit. Tippit agreed to clear the title of said objections within a reasonable time in accordance with said requirements; after the rendition of said opinion, and prior to the delivery of said deed, and prior to the execution and delivery of said notes, prior to the payment of any portion of the purchase money, prior to the taking possession of the property by plaintiffs, defendants orally agreed to clear said title, and upon said agreement plaintiffs agreed to take defendant's said deed, would take possession of said property, would pay said agreed cash payment, would execute said notes and pay said notes as in said deed provided; subject to said oral agreement, plaintiffs made said cash payment of $1,000, executed and delivered said notes, defendants executed and delivered said deed, plaintiffs entered into possession of said property.

During the next succeeding several months after plaintiffs took possession of said property, plaintiffs, at several times, requested defendant to perfect the title to the property, at which times defendant agreed to do so, until about January 1, 1931, when defendant stated to plaintiffs that he would not cure said objections and defects in the title, but demanded that plaintiffs continued to make the payments provided for in the deed, or else defendant would take said property; thereupon plaintiffs refused to make further payments, and on April 5, 1933, plaintiffs reconveyed and surrendered possession of said property to defendant.

Plaintiffs filed this suit in June, 1934, to recover of defendant the purchase money paid less the value of the rentals, with interest thereon from the date of payment, and in the alternative for cancellation of their deed to defendant and possession of the property.

Defendant answered by general demurrer, special exceptions, general denial, and special answer alleging facts as to how the transaction as to the sale of the land occurred; alleged a settlement and release; defendant further answered that plaintiffs did not rely upon any representations, if made, but accepted a deed and was thereby estopped; that the title was good, that the objections made to the title were immaterial; alleged a failure to tender the consideration paid to plaintiffs in said settlement; alleged that in said settlement the property was reconveyed to defendant, the deed containing clauses of general warranty and that its execution was an election to affirm said sale, and that plaintiffs are estopped to rescind same; alleged that plaintiffs remaining in possession and the use made of the land was an election; that said contract of settlement and payment of consideration, the delivery of certain cattle and a house, were acts affirming said contract and an election.

Defendant pleaded the four-year statute of limitations. After the evidence was heard, defendant in due time moved the court for an instructed verdict in his favor. The court overruled the motion, and defendant excepted.

The case was tried to a jury and submitted upon special issues.

Upon the special issues submitted the jury found:

1. It was agreed between plaintiffs and defendant that defendant should furnish good title to the property conveyed to the plaintiffs.

2. It was agreed between plaintiffs and defendant at the time plaintiffs purchased the property that defendant would cure the defects, if any, pointed out affecting the title to said property by plaintiff's attorney.

3. Mrs. Nettleton, at the time of the delivery of the deed dated January 22, 1929, from Tippit to plaintiff, did not waive the objections raised by their attorney.

4. The deed dated April 5, 1933, executed and delivered by plaintiffs to defendant Tippit, was not so executed and delivered in full settlement of all matters respecting the original purchase and reconveyance of the property described in the deed.

5 and 6. The cash down payment of $1,000 and the subsequent payments were paid upon the condition that the objections to the title of the property purchased by plaintiffs from defendant Tippit would be cured.

On the jury's verdict the court entered judgment for plaintiffs in the sum of $1,080 as the balance of the purchase money paid by plaintiffs to defendant on the land, after deducting the rental value as found by the court and stated in the judgment, for the time plaintiffs occupied it; the land having been reconveyed no court provision was in the judgment for a reconveyance; the court in the judgment further gave plaintiffs an equitable lien upon said land, describing it, as security for the payment of the judgment.

The court overruled defendant's motion for a new trial, and defendant perfects this appeal.

### Opinion.

Defendant filed assignments of error and based thereon submit a large number of propositions. We have made a full statement of the issues tendered in the pleadings, the findings made by the jury, and the judgment of the court.

After a careful review of the evidence, we have concluded that the evidence was sufficient to require the submission to the jury of each of the issues submitted, and we overrule defendant's several propositions referring thereto. We have also concluded from the record that plaintiff's cause of action is not barred by the statute of limitation of four years as pleaded by defendant. While the evidence tends to show that on January 1, 1931, defendant stated for the first time that he would not comply with the agreement to clear the title, the evidence, as we understand it, shows that until April, 1933, defendant continued to insist on the payment as the payments became due and continued his promise to clear the title as required by plaintiff's attorney. This suit was filed on June 12, 1934. The issue of limitation was not submitted to the jury, nor was it requested to be submitted.

We do not regard this case as a suit by plaintiffs to rescind and cancel the sale

412

of the land based on fraud. There is no allegation or suggestion of fraud or misrepresentation by defendant as to the condition of the title in the contract of sale. Plaintiffs were to have a good title to the land. Both parties seem to recognize that there might be defects in defendant's title that needed to be removed or cured, and with that in view they entered into an oral agreement as a part of the condition of the sale for the examination into the title to discover defects or objections, if any, and to have such defects or objections cured, if any found. For that purpose and to that end an abstract of the title to the land was prepared, the title examined, and a number of defects and objections were disclosed and pointed out. Defendant agreed within a reasonable time to cure such defects. Some of the defects pointed out were cured and some were not, and eventually defendant declined to have the remaining defects cured and removed. There is some confusion in the evidence as to the condition of the title at time defendant refused to further cure the uncured defects. The written opinion of the attorney shows that the remaining defects pointed out might be barred by limitation. We are not called upon to pass upon the title. Plaintiffs refused to accept the title, and defendant insisted upon the payment of the unpaid balance of the purchase money. Pending the time the defects were being removed, or when the sale was contracted, and conditioned on defendant curing the defects as agreed, plaintiffs accepted the deed from defendant and went into possession of the land; later plaintiffs reconveyed the land to defendant, surrendered possession, and in this suit ask judgment for a cancellation and rescission of defendant's deed to plaintiffs and of plaintiffs' said notes described and all contracts, agreements, and obligations incident thereto, ask judgment for $1,080, being the purchase money paid, less the value of the rents on the land during plaintiffs' possession.

The evidence shows, as we understand it, that about a week or ten days after the attorney made report on the title, plaintiffs, under their agreement previously made, paid the $1,000, and, as Mrs. Nettleton testified, as an inducement to make such payment and sign the notes: "That agreement was that I was to let him get this $1000.00 and he was to fix all those objections, that John Perkins made; make them all right, that he objected to."

The evidence shows that the possession of the property was surrendered by plaintiffs to defendant at defendant's request, and on his insistence, that the property was not being properly cared for.

We have found nothing in the record to indicate that plaintiffs intended to or did affirm the sale.

We think the issues submitted to and found by the jury must embrace all of the material and controlling issues in the case. No other issues were requested to be submitted.

The case is affirmed.